UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Ste. Michelle Wine Estates, LLC, | ) | CASE NO. 4:22 CV 1702 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Tri County Wholesale Distributors, Inc., | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

This matter is before the Court upon Plaintiff's Motion to Transfer Brands Pursuant to R.C. § 1333.851(B)(5). This case involves the termination of a wine distributorship. For the reasons that follow, the motion is GRANTED. Plaintiff must pay defendant $112,500 on or before December 22, 2022. Upon payment, plaintiff may transfer the brands to a new distributor.

**FACTS**

Plaintiff appears to be a manufacturer of certain brands of alcoholic beverages.

1

Defendant is one of plaintiff's distributors. On October 1, 2021, a change in control occurred regarding the ownership of plaintiff. As a result of the change in control, plaintiff sent defendant a letter dated December 28, 2021, terminating the distributorhip. By statute, the parties were then required to negotiate the diminished value of defendant's business that occurred as a result of the loss of brands. On January 18, 2022, the parties agreed in writing to extend the time for negotiations, as well as other statutory deadlines.

On January 28, 2022, defendant offered to pay plaintiff $350,000 to allow it to continue as plaintiff's distributor. Separately, defendant provided financial statements to plaintiff as required by statute. Although there is some dispute as to whether defendant provided all financial information sought by plaintiff, defendant timely produced three prior years' worth of financial statements, as well as additional information. On April 25, 2022, plaintiff made an offer to resolve the diminished value issue. Two days later, defendant made a counteroffer. As a result of the agreed-upon extension, either party could have filed a lawsuit by April 28, 2022. Neither party did so and, instead, negotiations continued. The parties had further written discussions in July, and plaintiff made a second offer on August 9, 2022. This offer totaled $112,500. On August 26, 2022, defendant made a counteroffer of $300,000.

Plaintiff thereafter filed this lawsuit on September 22, 2022.

Plaintiff moves the Court for an Order requiring it to pay defendant its last good faith offer of $112,500. Upon payment, plaintiff will be free to transfer the rights to distribute the brands at issue to another distributor. Defendant opposes the motion on the grounds that by virtue of having failed to timely file its complaint by April 28, 2022, plaintiff cannot avail itself of the remedies set forth in O.R.C. § 1333.851(B).

**ANALYSIS**

The State of Ohio has enacted a comprehensive statutory scheme governing the sale of alcoholic beverages. Included in this scheme are statutes directed at the relationship between manufacturers and distributors of these beverages. By way of example, O.R.C. § 1333.85 prohibits a manufacturer from terminating a distributorship without just cause. There are exceptions to this provision, one of which is at issue in this case. Pursuant to Section 1333.85(D), a manufacturer may terminate a distributorship if:

> [A] successor manufacturer acquires all or substantially all of the stock or assets of another manufacturer through merger or acquisition or acquires or is the assignee of a particular product or brand of alcoholic beverage from another manufacturer....

In that event, the successor manufacturer must give written notice of the termination within 90 days of the date of the "merger, acquisition, purchase, or assignment." *Id*. If the manufacturer fails to give timely notice then "a franchise relationship is established between the parties." *Id*. Otherwise, "the distributor shall...repurchase the distributor's inventory of the terminated or nonrenewed product...." *Id*. In addition, "the successor manufacturer [ ] shall compensate the distributor for the diminished value of the distributor's business that is directly related to the sale of the product or brand terminated...." *Id*.

Once a distributor receives notice of termination, the following timeline applies.

Within 75 days after receipt of the notice of termination, the distributor must provide the successor manufacturer with three years' worth of financial statements, and other relevant financial information. O.R.C. § 1333.851(B)(1). The successor manufacturer and the distributor must negotiate in good faith regarding the diminished value to the distributor. *Id*. If the parties are unable to negotiate in good faith or are unable to agree on the diminished value within 90

days of the date that notice of termination is given, then either party may file a lawsuit in the court of common pleas. O.R.C. § 1333.851(B)(2). The parties, however, may mutually agree in writing to extend the 90-day period. *Id*. Thereafter, the court of common pleas must determine the diminished value within 90 days after the filing of the complaint. O.R.C. § 1333.851(B)(3).

If the court is not able to resolve the matter within 90 days, the court must order the successor manufacturer to pay the distributor the successor manufacturer's last good faith offer. The payment must occur on the ninety-first day after the filing of the complaint. Upon payment of this amount, the successor manufacturer may transfer the brands to a new distributor. The case then proceeds until such time as the court is able to make a final determination as to the diminished value, at which point the successor manufacturer will pay such value, less the amount of its last good faith offer previously paid. O.R.C. § 1333.851(B)(5).

The statute provides that the parties may extend or shorten any of the aforementioned deadlines by mutual agreement. O.R.C. § 1333.851(B)(6).

Neither party disputes that a successor-manufacturer transaction occurred in this matter. By letter dated December 28, 2021, plaintiff notified defendant that it was terminating defendant's distribution rights.

As an initial matter, the Court notes that the statute at issue is difficult to reconcile and appears internally inconsistent in several places. Regardless, the Court agrees with plaintiff that it is entitled to the preliminary relief it seeks. Although not argued directly, the Court finds that the parties implicitly agreed in writing to extend the time for filing this lawsuit. On January 18, 2022, the parties explicitly agreed to extend the filing date by 30 days. At the expiration of this time period, neither party filed suit. Yet, both parties continued to negotiate throughout the next

several months. These negotiations included written emails back and forth. Based on the facts of this case, the Court finds that these emails are sufficient to show an implicit agreement to extend the deadlines until the parties reached an impasse.

Defendant points out that the payment of the last good faith offer is an interim remedy. According to defendant, by failing to file the complaint by April 28, 2022, the entirety of O.R.C. § 1333.851(B) is unavailable to either party. It appears that defendant claims that the parties must proceed only under O.R.C. § 1333.851(A). But, this result makes no logical sense. Section 1333.851(A) provides that the manufacturer cannot assign the brand to another distributor until the manufacturer pays the distributor for the diminished value. Defendant bears some significant risk should the Court accept its argument. There is nothing in the provision cited by defendant that addresses any remedy should the parties reach an impasse. By way of example, if plaintiff pays what it calculates to be the full amount of the diminished value, arguably there is no mechanism for defendant to challenge the calculation since defendant did not file a lawsuit by April 28, 2022. Moreover, maintaining the *status quo* does not appear to be an option since Section (A)(2) expressly provides that the continuation of distribution efforts does not create a franchise.

Regardless, as noted above, the Court finds that the parties implicitly agreed in writing to extend the time for filing this lawsuit. This conclusion is also in accord with O.R.C. § 1333.851(6), which provides that "the parties by mutual agreement may extend or shorten any of the time deadlines...." Accordingly, the Court finds that Section 1333.851(B)(5) applies to this lawsuit.

That provision provides that in the event the Court is unable to determine the diminished

5

value within 90 days of the filing of the complaint, the interim remedy discussed herein must be imposed until such time as a final calculation can be determined. The Court notes that neither party filed a motion seeking expedited relief. Had either party done so, the Court would certainly have been able to provide a ruling within 90 days. Even as of now, neither party has presented any evidence directed at the final valuation of the diminished value. As such, the Court's only recourse is to impose the temporary remedy set forth in Section (B)(5). Plaintiff indicates that its last good faith offer totals $112,500. Defendant does not dispute this amount.

### **CONCLUSION**

Based on the foregoing, Plaintiff's Motion to Transfer Brands Pursuant to R.C. § 1333.851(B)(5) is GRANTED. The Court hereby ORDERS plaintiff to pay defendant $112,500 on or before December 22, 2022. Upon such payment, plaintiff may transfer the brands to a new distributor.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge

Dated:  12/13/22