UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Ste. Michelle Wine Estates, LLC, | ) | CASE NO. 4:22 CV 1702 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Tri County Wholesale Distributors, Inc., | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

This matter is before the Court upon Plaintiff's Motion to Exclude Expert Report and Testimony (Doc. 29). Also pending is Defendant's Motion to Exclude Certain Opinions of Plaintiff's Expert (Doc. 30). This case involves the termination of a distributorship agreement. For the reasons that follow, the motions are DENIED.

**FACTS**

Plaintiff Ste. Michelle Wine Estates, LLC filed this lawsuit against defendant Tri County Wholesale Distributors, Inc. Plaintiff brings this case under O.R.C. § 1333.851 seeking a judicial determination of the diminished value of the loss of certain brands defendant previously

1

distributed on behalf of plaintiff.

For a number of years, defendant distributed certain brands of wine on behalf of plaintiff. The Ohio Alcoholic Beverages Franchise Act, R.C. §§1333.82, et seq. (the "Act") governs the parties' distribution agreement. Pursuant to the Act, a manufacturer can terminate a distribution agreement only "for cause," with limited exception. One such exception occurs when there is a "change in control" over the manufacturer, which is what occurred in this case.

Upon a change in control, the manufacturer may terminate the distribution agreement, but must compensate the distributor for the diminished value resulting from the loss of brands. Pursuant to statute, in the event the parties are unable to agree upon the diminished value, the Court must do so. On December 28, 2021, plaintiff provided notice to defendant that a change in control had occurred, and plaintiff was terminating the parties' agreement. Thereafter, the parties attempted to negotiate the diminished value, but were unable to do so. This lawsuit followed. Pursuant to statute, the Court entered an interim Order requiring plaintiff to pay defendant $112,500, which represented the last "good faith" offer made by plaintiff. That Order is subject to a final determination by this Court, which will be made following a bench trial.

In light of the upcoming trial, both parties now move the Court to exclude at least certain portions of the expert witnesses expected to testify in this matter. Each party opposes the other's motion.

**STANDARD OF REVIEW**

Under *Daubert v. Merrell Dow Pharmaceuticals Inc.*, 509 U.S. 579, 597, 113 S.Ct. 2786 (1993), the trial judge serves as a "gatekeeper" to determine whether an expert's testimony is reliable and relevant. "The trial judge has considerable leeway in deciding how to go about

determining whether particular expert testimony is reliable." *U.S. v. Sanders*, 59 Fed.Appx. 765, 767 (6th Cir. March 7, 2003)(citing *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152, 119 S.Ct. 1167)).

The Sixth Circuit has noted,

> *Daubert* set forth a non-exclusive checklist for trial courts to use in assessing the reliability of scientific expert testimony. Fed.R.Evid. 702 (advisory notes). The specific factors explicated by the *Daubert* court are (1) whether the expert's technique or theory can be or has been tested; (2) whether the technique or theory has been subject to peer review and publication; (3) the known or potential rate of error of the technique or theory when applied; (4) the existence and maintenance of standards and controls; and (5) whether the technique or theory has been generally accepted in the scientific community.

*Avery Dennison Corp. v. Four Pillars Enterprise Co.*, 45 Fed.Appx. 479, 483 (6th Cir. Sept. 3, 2002).

"The 'gatekeeper' doctrine was designed to protect juries and is largely irrelevant in the context of a bench trial.*" Deal v. Hamilton Cty. Bd. of Ed.*, 392 F.3d 840, 852 (6th Cir. 2004). The Sixth Circuit is "not in the business of dictating to district courts the amount of weight they must give to certain expert opinions." *Id*. Accordingly, *Daubert* is less of a concern when the trial judge is the trier of fact.

**ANALYSIS**

1. Plaintiff's motion

Plaintiff argues that the expert report of Ted Wardell should be excluded on three bases. The Court will address each in turn.

    A.    Post termination profits

On December 28, 2021, plaintiff notified defendant of its intent to terminate the distributorship. Wardell, defendant's expert, prepared a valuation as of December 31, 2021.

Because the Court did not permit a transfer of the distributorship rights until close to the end of 2022, defendant continued to earn profits from plaintiff for distributing its brands during 2022.

Plaintiff argues that the Sixth Circuit has held that a distributor cannot retain the profits earned in a particular year, if the valuation in essence also includes the value of lost profits for that same year. By computing the diminished value as of December 2021 and failing to account for the profits earned by defendant in 2022, Wardell's opinion violates Sixth Circuit law. Plaintiff further argues that the Court cannot simply deduct the 2022 profits from the 2021 valuation because a reduction must be made to account for the present value of those profits. According to plaintiff, Wardell should not be permitted to alter his valuation at this late stage in the litigation.

In response, defendant argues that whether 2022 profits should be excluded is a legal question, not a valuation question. Thus, it is not for Wardell to decide. If the Court determines that those profits should be excluded from the analysis, defendant claims that it is "a simple calculation" that the Court is able to perform.

Upon review, the Court will not exclude the entirety of Wardell's opinion based on his inclusion of 2022 profits in his 2021 valuation. The Court is well aware of the holding in *Tri County Wholesale Distributors, Inc. v. Labatt USA Operating Co., LLC*, 828 F.3d 421 (6th Cir. 2016), in which the Sixth Circuit determined that the district court erred in allowing the distributor to retain post-termination profits when the valuation necessarily included projected profits. The Court finds, however, that these issues go to weight and not admissibility, especially given that this case involves a bench trial. The Court, with full knowledge of the relevant case law, will be able to properly weigh the expert's opinions. In the event the Court

finds that Wardell's opinions are not consistent with the law or include improper valuation methods, the Court is able to assign the appropriate weigh – if any– to the challenged portions of those opinions. Wholesale exclusion is not required.

### B. Weighted cost of capital

Plaintiff argues that the Sixth Circuit in *Tri County* acknowledged that the trial court properly relied on "the average industry capital structure" in calculating the weighted average cost of capital. According to plaintiff, Wardell does not use this capital structure in his valuation. Rather, the debt to equity ratio employed by Wardell is based on defendant's ability to access debt and the resulting optimization of its return on capital. According to plaintiff, Wardell ignored controlling Sixth Circuit case in law in failing to use the average industry capital structure. In response, defendant argues that *Tri County* is not controlling and has no collateral estoppel effect. Plaintiff argues that the Sixth Circuit found that the trial court did not commit "clear error" by averaging the valuations of both experts in arriving at its own capital structure valuation. As such, the Sixth Circuit did not opine that the average industry capital structure must be used in valuations under O.R.C. § 1333.851. Because *Tri County* is based on the specific facts of the case as determined by the trial court, it is not binding and need not be adopted in this case.

Upon review, the Court agrees with defendant. As an initial matter, the Sixth Circuit expressly held that determination of a particular capital structure based on expert testimony raises issues of fact, not law. The Court rejects any argument that defendant is bound by collateral estoppel. *Tri County* involved the beer industry, which may be different from the wine industry. Nothing in *Tri County* requires the use of the average industry capital structure. One

expert in that case opined that the long term industry capital structure is the proper value, while the other expert relied on the capital structure of the "typical buyer." The district court accepted neither theory and, instead, averaged the two values. The Sixth Circuit simply held that the district court did not "clearly err." The Court finds that nothing in *Tri County* mandates that this Court apply the average industry capital structure. Nor is defendant collaterally estopped from making arguments to the contrary. This type of case is the quintessential "battle of the experts," and excluding Wardell's opinion in its entirety would in essence terminate the case in favor of plaintiff. The Court finds that such a drastic outcome is not necessary under *Tri County*. This is especially so given that this case will proceed to a bench trial.

        C.      Marginal costs

Marginal costs are "avoided costs," *i.e.*, costs that the distributer would no longer incur absent distribution of the brands at issue. The lower the avoided costs, the higher the diminished value and vice-versa. Here, plaintiff argues that Wardell should be precluded from testifying because he relied on marginal cost data provided by defendant's attorney. Wardell did not verify any underlying data himself, despite the fact that he believed the cost information provided by counsel seemed higher than he would have expected. Plaintiff argues that an expert witness may not simply offer counsel's opinion as his own. Plaintiff asks that the Court exclude the expert testimony on that basis. In response, defendant argues that plaintiff's expert relied on the data provided by defendant. Plaintiff's expert, however, did not rely on defendant's data with respect to avoided costs and, instead relied on "made up and grossly inflated" data. Defendant also notes that reliance on the data it provided resulted in a higher valuation for avoided costs, which in turn results in a lower diminished value and thus Wardell's opinion benefits plaintiff.

Upon review, wholesale exclusion of the report and testimony is not warranted, as a determination of diminished value encompasses several calculations.  Even if the Court were to find the expert report unreliable with respect to the data used in the avoided costs portion of the valuation, the Court need not reject the report wholesale.  Moreover, the Court will be better positioned at trial to hear all of the specific details regarding the data before deciding whether to accept or reject (in whole or in part) Wardell's avoided costs analysis.

        D.        Non-compliance with Rule 26(a)(B)

Plaintiff argues that exclusion is required because Wardell did not comply with Rule 26(a)(B).  Wardell did not provide a list of all of the cases in which he testified in the prior four years, nor did he articulate the compensation he is being paid for this case.  In response, defendant argues that the issue is moot as Wardell has now provided this information to plaintiff.  Plaintiff does not respond to this argument in its reply brief.  Upon review, the Court finds that exclusion is not warranted on this basis.  Defendant has now complied with Rule 26, and plaintiff does not identify any difficulties in might face from the delayed disclosure.

        2.        Defendant's motion

Defendant moves to exclude certain opinions provided by Justin Cherfoli, plaintiff's expert witness. Defendant claims that, although both experts attempted to employ the "same [discounted cash flow] methodology," their analyses differ in two important respects.  According to defendant, Cherfoli relied on "made up" data in analyzing avoided costs and improperly included fixed costs in his calculation.  In response, plaintiff argues that the data provided by defendant is not complete and does not allow for a proper evaluation of avoided costs.  As such, Cherfoli used data from other distributors.  Plaintiff claims that Cherfoli's opinion is based on

his experience.  Cherfoli provides an affidavit in connection with this motion indicating that his "estimate of the variable expenses is not intended to include any of Tri County's fixed costs." Cherfoli explains that defendant's total operating expenses is greater than Cherfoli's evaluation of variable costs.  The difference represents defendant's fixed costs.  In reply, defendant argues that Cherfoli's affidavit does nothing to justify his reliance on "made up" data.  Defendant further argues that Cherfoli does not limit operating costs to only those costs associated with the particular wine brands at issue.  Defendant also points to Cherfoli's deposition testimony in which he admits that he does not "have a good handle on what their fixed costs are versus their variable costs."

Upon review, and for many of the same reasons set forth above, the Court rejects defendant's motion to exclude Cherfoli's report and testimony regarding avoided costs.  The Court is confident it will be able to assess the nature of the data relied on by Cherfoli and determine what weight, if any, to afford his opinion on avoided costs.  For the same reasons, the Court finds that it will be able to assess whether Cherfoli's opinion improperly includes fixed costs.  In the event the testimony does not adequately explain his analysis, the Court is free to reject the testimony after trial.  Simply put, the arguments made by defendant go to weight and not admissiblity.  This is especially so given that this case is proceeding to a bench trial.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Exclude Expert Report and Testimony (Doc. 29) and Defendant's Motion to Exclude Certain Opinions of Plaintiff's Expert (Doc. 30) are DENIED.

IT IS SO ORDERED.


          /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 9/18/23